Our final case for argument today is 25-1383, Boland v. Secretary of the Army. Please proceed. Thank you, Your Honor. May it please the Court, Daniel London III of South Dunbar, New Orleans, for the appellant, David Boland, Incorporated. It occurred to me in preparing for this this morning that this is a case that is all about quantum. We know that this appeal to the BCA was divided into entitlement and quantum, but the appeal itself was based upon a disagreement over quantum. The contracting officer entered a final decision of $1.7 million on the very claims that are at issue in this appeal, and the client said, well, that's not good enough. We want to proceed to appeal to the BCA, and we did for the full amount of the claim. And we understand that when you get to the Board of Contract Appeals, there's low deference given to the contracting officer's decision here to award $1.7 million on the very claim and that you have to prove up entitlement again. So respectfully, I think this case comes down to a single straightforward question. When the government's own witness in the entitlement case, the only Army Corps of Engineers employee to testify at all at the trial tells that board under oath that the contractor is owed money for the very delays at issue. He admits entitlement, and then there's no redirect. What more is a contractor supposed to do to prove entitlement? We respectfully say there's nothing more to do. Entitlement was proven, and the board simply refused to acknowledge it. Well, he has to meet the contractual agreement. I mean, does he not? I mean, it's not just based on what this guy says in his testimony. Obviously, there's an analysis as to whether or not money is owed. There is, and this gentleman, this is Mr. Bowman, was the construction manager for the Army Corps of Engineers. He is the number one person in terms of knowledge of the claim. He analyzed and understands the contract and was involved in preparing the IGEs leading up to the contracting officer's final decision. Mr. Bowman had all this personal knowledge during the course of the contract? Absolutely. He was involved. In fact, he's testified during the course of the trial that he had taken over the claim entirely, and he did the calculations for the contracting officer's final decision. I thought he was an estimator that just simply tallied up an estimate based on data that Bowman gave him. Well, not at all. He worked with data that Bowman gave him, but also the data from the Army Corps of Engineers and the contracting officer, who did not testify at trial, I might add, relied on that in preparing the $1.7 million final decision that's under appeal. I thought there were all sorts of elements that need to be proven in order for you to win on your claim of liability. Well, there's causation, there's resulting injury, and there's liability. When the Army Corps of Engineers granted the contracting officer's final decision for $1.7 million, they acknowledged as much. They acknowledged that they were liable because they can't give money away right under the FAR. Did you ever ask for an extension of time for the contract due to the delays? Well, let me say this. There were discussions replete through the course of the job. This job, as you may recall, was one that was under a strict deadline, I believe, of June 15, 2011. I believe it was President Obama himself who required this project to be finished within that timeframe to beat the hurricane season. I personally had my house go underwater during Katrina, so I can appreciate this. And this contractor, despite all of these delays that were acknowledged, finished this job on time within that. So there was never going to be an extension granted, and there wasn't, and the contractor did what it was obliged to do by the government, which was finish the contract on time. Do you allege that the board made any other errors in terms of its analysis other than, you say, ignoring Mr. Bowman's testimony? Well, let me say this. I haven't raised those as errors on appeal because, as far as we're concerned, once we establish entitlement, all of those other decisions that the court talked about, pile logs and did you separate concurrent delays and those sorts of things, all go to quantum. We have established entitlement. Imagine, if you will, if at the beginning of this matter that was on appeal, if the government had come out and said, stipulated to the court, we stipulate that we agree the contractors owed money. The question is simply how much. We would have passed on to the quantum phase. Now, they wouldn't do that, but that's exactly what this witness did. And when the witness did it, there was no redirect of the witness. There was no backing up for the government. They left it there just as it was. And the board is required to make that credibility decision? Is that what you're suggesting? I think the board is required, when a statement like that is made, to take it into account, and the board didn't take it into account at all. It was interesting. We raised it as the number one issue in our post-trial brief, and the board mentions it not at all in 43 pages. And we point out there's an Eighth Circuit decision we cite to that, while this is not a judicial admission and we've never said it was, it is an evidentiary admission. And that when an evidentiary admission like this is not explained or refuted, that the party, I think the Eighth Circuit case says, is stuck with it. It's binding on the party. And the 43 pages go to all the reasons why your client does not win. Well, it's interesting, because the 43 pages would, as I've said, I would argue would go toward quantum. Because if the judge says, well, you're not entitled to any days or recovery whatsoever, well, that's just been contraindicated by this one witness who has basically admitted entitlement, which parenthetically is all that case was about. We weren't there to try quantum at all. The Board of Contract Appeals routinely bifurcates these matters. It's something that the Army Corps of Engineers is fully familiar with, and it didn't object to that procedure. And it understands, the Army Corps of Engineers understands, that when you have that arrangement, entitlement is, are you entitled to something? And if so, if that's proven, how much? Your Honor, we ask that you would please reverse the judgment of the Board of Contract Appeals and restore our appeals, and then remand this, not for another case, trial on entitlement, because we think the fact of entitlement is able to be resolved on that very simple, undisputed piece of testimony, but instead remand it for a trial on quantum. Mr. Bowman's estimate of $1.2 million, did David Bowman get the $1.2 million? No, sir. If they've been paid that, I'm not aware of it. The appeal was filed for the full, I think, $7.8 million that was the claim that was submitted. The government says Bowman's been paid already, the $1.2 million and then the earlier $500,000. There were earlier unilateral modifications which were supplied and actually some payment was made, including, I think, maybe part of the $1.7 million, but when the final tally came out, the remainder was not paid, to my knowledge. Okay, thanks, counsel. We'll save the rest of your time for rebuttals. Yes, thank you. May it please the Court. Even assuming that the statement of Mr. Bowman was enough to constitute admission, even though he was primarily, in fact, only involved with figuring out for the contracting officers. Could I just ask you, did David Bowman get the $1.7 million or not? Yes. They got the amount that was in modifications and the Army Corps of Engineers chose not to challenge or file a counterclaim at the Board of Contractors. So the entire amount Mr. Bowman estimated of $1.2 million and then he testified to, that's already been paid? Yes. That's my understanding from talking with the Army Corps of Engineers. One of the first things I ask. Because there is a modification out there and if a modification isn't paid, the government remains liable for Contract Disputes Act interest. So if the government issued a modification and didn't challenge it at the Board and hadn't paid it during the time the interest is running, and so the government becomes liable for a greater amount, sometimes a significant amount, when a case is on appeal. So that was an early question. But if we assume that the statement of Mr. Bowman is enough to constitute admission with regards to the lay, which is what he was asked about, that doesn't go to the other elements of a constructive acceleration claim, which are not challenged on appeal. It doesn't go for the fact that there was a request for an extension, that that request was denied, that the government insisted on moving forward despite the request, and that the contractor expended additional resources. All those are essential elements of a constructive acceleration claim and the Board found that Bowman didn't meet any of those other components. So even again, if we assume the best case scenario, that admission is insufficient. Also, I think it's important to make sure we have the statement taken in context. As we said forth in our brief, Mr. Bowman is talking about the estimate that he provided and he provides that that information was simply plugged into the contracting officer's decision. He didn't do the facts. He didn't do the analysis. All that predated his numerical analysis. So at the end of the day, this is insufficient to constitute an admission of liability, broad admission of liability on the part of the government here. We believe this case was controlled by cases like Willner and Eagle Peak Rock. And unless the Court has any specific questions... Okay. Thank you, Counsel. Thank you, Your Honor. We respectfully request that the Court confirm the decision of the Armed Services Board of Contract Appeals. Thank you. Mr. Lund? On the issue of whether it was paid or not, I'm not aware that it was paid. Certainly if it was paid, it would come out in the quantum assessment if we get to that stage. I don't know why I need a constructive acceleration claim when I have the Army Corps of Engineers witness telling the Court that I'm entitled to recovery. For whatever reason, he believes it is entitled. But I thought it was telling that counsel mentioned that they paid what they paid or else they would be liable for a greater amount. I mean, that is the entitlement. That is the liability. And the witness put it pretty squarely. Look, we didn't agree on quantum before. I agree you're owed something. We just have a disagreement on quantum. And that's where he left it. And that's where we are. And that's why this case should proceed to the quantum phase. Thank you, Your Honor. Okay. Thank you both, Counsel. The case is taken under submission. Appreciate it.